# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No.20-0476V
(not to be published)

| | |
|---|---|
| DAVID FRANK,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: April 14, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Harrison Whitten Long*, Rawls Law Group, Richmond, VA, for Petitioner.

*James Vincent Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 21, 2020, David Frank filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine he received on November 12, 2018. (Petition at 1). On February 2, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 21, 2022 (ECF No. 41), requesting a total award of $14,843.79 (representing $13,811.10 in fees and $1,032.69 in costs). In addition, in accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. (ECF No. 41-3). Respondent reacted to the motion on February 22, 2022, representing that he is satisfied that the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 42). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests, and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests compensation for attorney Harrison W. Long at the following rates: $215 per hour for 2019; $235 per hour for 2020; $278 per hour for 2021; and the increased rate of $293 per hour for time billed in 2022. (ECF No. 41 at 3). The requested rates for 2019-20 are reasonable and consistent with what Mr. Long has previously received. For 2021, however, Mr. Long has previously been awarded the lesser rate of $266 per hour. *See Fullerton v. Sec'y of Health & Human Servs.,* No. 19-0637V, 2021 WL 3184975 (Fed. Cl. Spec. Mstr. Jun. 21, 2020); *Ruiz v. Sec'y of Health & Human Servs.,* No. 19-0936V, 2021 WL 6285627 (Fed. Cl. Spec. Mstr. Nov. 30, 2021). I find the previously-awarded rate most appropriate, and therefore reduce Mr. Long's rate for 2021 to $266 per hour. This results in a reduction of fees to be awarded to **$8.40**.[3] For time billed in 2022, however, the requested increased rate of $293 per hour is appropriate and will be utilized.

Petitioner also requests an increased paralegal rate of $182 per hour for time billed in 2022. This requested rate exceeds the Vaccine Program's published range for paralegals in 2022.[4] I shall therefore reduce the requested paralegal rates to $177 per hour, the highest amount currently allowed for paralegal time. This further reduces the fees to be awarded by the amount of **$26.50**.[5]

## ATTORNEY COSTS

Petitioner requests $1,032.69 in overall costs. (ECF No. 41 at 3). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$14,808.89** (representing $13,776.20 in fees and $1,032.69 in costs) as

---

[3] This amount consists of: ($278 - $266 = $12 x .07 hrs = $8.40).

[4] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[5] This rate consists of: ($182 - $177 = $5 x 5.3 hrs = $26.50).

a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.